## CHARLES L. HAWES v. JOHN L. O'REILLY.

ERROR TO THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued May 3, 1889—Decided May 13, 1889.

1. In an action of trespass vi et armis for an assault and battery causing injury to the plaintiff, expenses incurred for medical aid, nursing, loss of earnings, etc., which were the natural results of the injury, may be recovered as damages.

2. While in such action it may be more regular to set out such elements of damage in the narr, yet where the cause has been tried properly on its merits, a reversal will not be ordered because of the absence of such averments.

3. " The first and second assignments are not in accordance with the rules. The third is assigned in such manner as to be insensible, unless we treat it as part of the first and second assignments, which probably was the intention. If we consolidate the three assignments, we learn that some one was asked the question, ' What was his bill?' Whose bill is not stated."

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 395 January Term 1889, Sup. Ct.; court below, No. 88 February Term 1888, C. P.

On December 10, 1884, John F. O'Reilly issued a writ of capias in trespass vi et armis against Charles L. Hawes to recover damages for an assault and battery, and on January 5, 1885, filed a declaration averring:

"For that the said defendant heretofore, to wit, on or about the 18th day of November, A. D. 1884, in the city of Erie, in the county aforesaid, with force of arms made an assault upon the said plaintiff, and beat, wounded and ill-treated him, whereby and by means whereof the said plaintiff was cut, bruised and wounded on divers places on his head, limbs and body, and both bones of his left leg below the knee and near the ankle joint were fractured and broken, and the flesh of said leg at and near the point of said fracture was bruised and lacerated, and other wrongs to the said plaintiff did, against the peace and dignity of the commonwealth of Pennsylvania, and to the damage of the said plaintiff of five hundred ($500) dollars, and therefore he brings this suit."

The defendant pleaded, not guilty.

At the trial on December 7, 1888, the plaintiff introduced testimony showing, in substance, that he and the defendant becoming involved in a discussion, the defendant became angry, and threw the plaintiff out of his hotel, breaking his leg. The defendant, on his part, introduced testimony showing in substance that the plaintiff was a guest at his hotel; that he became intoxicated, and was abusive, uncivil and insulting to the employees and guests of the house; that his conduct was such that defendant had ordered him to leave the house, and upon his refusal, had put him out, using no more force than necessary; and that after plaintiff was put out, in attempting to turn round, he fell and in falling broke his leg.

Certain offers of testimony on the part of the plaintiff were objected to by defendant and admitted. These offers are shown in the assignments of error.

At the conclusion of the case on the testimony, the court,

Charge of Court below.

GUNNISON, P. J., after reviewing the evidence, and submitting to the jury the questions of fact as to how the injury was inflicted and who was responsible therefor, further instructed them:

[If you find for the plaintiff you will assess the damages, and you can take into consideration the pain and suffering occasioned to the plaintiff and the loss of earnings from the time of the occurrence until the beginning of this action, the 10th of December, from the 18th of November until the 10th of December.] [5]  [And the testimony as to what he was earning; he says that he was earning $60 a month; take that into consideration from the 18th of November until the 10th of December; and take into consideration the amount of his bill at the hospital and his physician's bill for that time; not for the full time that he was at the hospital, but up to the 10th of December. That is the time he brought his action.] [6]  He cannot recover for injury that he might sustain after the bringing of the action. The bringing of the action fixes the rights of the parties at that time as far as that was concerned. And if you find that the putting of the plaintiff out, although accompanied with unnecessary violence, was not done maliciously or wantonly, you would not be justified in giving any damages as a punishment to Mr. Hawes,—what are called punitive damages. [But if you find it was wanton and vindictive and malicious, and cruelly done, then you would have a right to give damages, which would be given to the plaintiff as a punishment to the defendant for having done it in that manner.] [7]

The jury rendered a verdict in favor of the plaintiff for $500. A rule for a new trial having been discharged and judgment entered on the verdict, the defendant took this writ, assigning as error:

5–7. The portions of the charge included in [  ] [5 to 7]

1–4. The admission of plaintiff's offers, the specifications being as follows: *

1. The court erred in overruling the objection of the defendant to the following question and answer, and in admitting the evidence.

---

* Observe, that in none of these specifications of error is the name of the witness given, nor a reference to the page of the testimony where the offer and its connection may be found. See Battles v. Sliney, post, 460.

Charge of Court below.

Q. What were your expenses at the hospital?

Objected to, that there is no such allegation in the declaration; that it is special damage and not the direct result of the assault and battery set out in the declaration, but which resulted as they say in consequence of the assault and battery, and of which there is no notice given in the declaration and which therefore cannot be proper.

By the court: We haven't any question as to the expenses consequent on the injury being competent. The objection is overruled; exception.[1]

2. The court erred in overruling the objection of the defendant to the following question and admitting the evidence:

Q. What was his bill?

Objected to, as before, as incompetent under the declaration and defendant objects to any expenses of this character.

By the court: Overruled; exception.[2]

3. The court erred in admitting the following evidence:

A. One hundred dollars.

Q. How long were you incapacitated from earning anything?

Objected to, as entirely incompetent under the pleadings; that it is not alleged.

By the court: The question in my mind is whether you can recover for any loss of time after the commencement of this action of trespass; if it was an action on the case it would be different. In this form of action the plaintiff may recover for the direct and natural damage sustained by him up to the time of bringing the action, and the loss of time up to that is direct and consequential. The objection is overruled; exception.[3]

4. The court erred in overruling the objection of defendant to the following question:

Q. What were you earning at that time? A. About $60 a month.

Objected to as incompetent and irrelevant under the pleadings.

By the court: Objection overruled, evidence admitted; exception.[4]

*Mr. S. M. Brainerd*, for the plaintiff in error.

*Mr. J. Ross Thompson* and *Mr. S. P. Gould*, for the defendant in error.

PER CURIAM:

The first and second assignments are not in accordance with the rules. The third is assigned in such manner as to be insensible, unless we treat it as part of the first and second assignments, which was probably the intention. If we consolidate the three assignments, we learn that some one was asked the question, "What was his bill"? Whose bill is not stated, but we can imagine the plaintiff below was asked the question, what his doctor's bill was. The evidence was objected to ; the objection was overruled, and the answer admitted. What the answer was, the specification does not show. In the next assignment occurs what we suppose was the answer. It was, "One hundred dollars." In the fourth assignment the witness said he was earning about $60 per month at the time of the accident. The remaining assignments of error refer to the charge of the court upon the question of damages. We do not find error either in the admission of testimony or the charge. The action below was trespass vi et armis for an assault and battery, charged to have resulted in the breaking of plaintiff's leg, and other serious injuries. The expenses of medical aid, nursing, loss of employment, etc., were the natural results of an injury of the character charged, and we think the plaintiff entitled to recover therefor in this form of action. It might have been more regular, perhaps, to have set these matters out in the narr, but where a case has been properly tried upon the merits, we are loth to reverse upon technicalities.

Judgment affirmed.