# Rhodes *v.* Rodgers, Appellant.

*Trespass—Assault and battery—Justification.*

In an action of trespass for assault and battery it is proper to charge that there was no justification for the assault, where defendant himself testifies that after a dispute about an account plaintiff followed him; that defendant, knowing plaintiff to be a fighting man and thinking him under the influence of liquor, turned and struck him, but did not see him before he struck him; and other testimony shows that plaintiff was walking with his hands in his pocket and made no offer to assault defendant.

*Punitive damages—Evidence—Mitigation of damages.*

Punitive damages for an assault and battery may be allowed in an action of trespass although defendant has already been convicted and fined for the same act in the quarter sessions. It seems that in such a case it is proper to admit in evidence the proceedings in the criminal court, in mitigation of damages; also the conduct of plaintiff, if it was calculated to provoke the assault.

Argued Nov. 2, 1891. Appeal, No. 222, Oct. T., 1891, by defendant, William B. Rodgers, from judgment of C. P. No. 2, Allegheny Co., on verdict for plaintiff, S. O. Rhodes. Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

Trespass for assault and battery.

At the trial, before EWING, P. J., the evidence tended to establish that, on Feb. 6, 1890, plaintiff and defendant had a dispute about an account. Defendant walked away and plaintiff followed him with his hands in his pocket. Defendant turned suddenly and struck plaintiff, knocking him down, and followed up the attack with another blow or two. Defendant testified that he had heard that plaintiff was a fighting man, and thinking him under the influence of liquor had turned suddenly without looking and struck him. Defendant's description of the assault was as follows:

"A. I think we were probably about side by side; I was walking with the attempt to rid myself of him if I could decently; he was boasting what he could do all the time; one thing that I remember was that he was just as good a man as anybody, and he said to me 'you are trying to act the s—— with me; this thing has got to be settled right here,' and I knew the man to be a fighting man and I struck him. Q. Were you or he ahead as you came to the Monongahela House portico? A. I think I was probably a little ahead; I wouldn't say certainly, but I was on the inside of the pavement; I recollect that particularly. Q. When he made this remark to you what was his attitude? A. It indicated clearly to me that he was going to attack me. [Objected to.] By the Court: No; just what he did. A. I was walking alongside of him, and I possibly didn't look around at him until I looked to strike him; it was what he said that indicated, more than anything else, that he was going to attack me."

The court charged in part as follows :

" Now, if that be the case, or take all of Capt. Rodgers's testimony, and take it as strong as it can be inferred from it, yet I say to you, if you believe that testimony there was no justification for the assault, and you must find for the plaintiff." [3] . . . .

" Now there is another element you take into consideration. In cases of wanton injury the jury is not limited to mere compensation, but they can go beyond and give what are called punitive damages, to teach the party a lesson for his improper conduct, so that he will take more care in the future, and it is for the jury to say whether or not this is a case of that sort. In determining that you take into consideration the fact that he has paid a small fine, $5, and the costs in a criminal prosecution, but that is not a bar to punitive damages, but you will take it into consideration. Then there is another thing that we have already said in answer to points, that you have a right to take into consideration. The rule is this, and it is different from a criminal prosecution. Where a party, by the use of words, has caused an attack to be made upon himself, we have said that it is not a justification, but it can be given in mitigation of damages. Suppose a man should follow up another and persist in abusing him, calling him vile names and exciting him by doing things that are improper and wrong, and calculated to make a man angry, and has an assault and battery committed upon him, when he comes into a civil court his own conduct is to be taken into account in mitigation of civil damages, not merely of punitive damages but damages in compensation." [7]

Defendant's points were among others as follows :

" 1. If the jury believe that on the afternoon of February 6, 1890, the plaintiff and defendant differed about an account which the defendant declined to pay until he could inform himself about some of the items, and that the defendant started up Water street for the purpose of getting away from the plaintiff, who followed him up, and that the plaintiff suddenly advanced in front of the defendant, and that the attitude and manner of the plaintiff, in connection with his words, were such as to cause the defendant to believe that the plaintiff was about to attack him ; he (the defendant) was not bound to wait until the plaintiff got the advantage of the first blow, but, if he be-

lieved he was in imminent danger of a blow from the plaintiff, he·(the defendant) was justified in striking the plaintiff such blow as was necessary to protect himself from the reasonably apprehended violence of the plaintiff. *Answer:* The first point is affirmed as a matter of law; but if the facts be as Mr. Rodgers, the defendant, testifies to, there was nothing in the attitude of Mr. Rhodes to justify any belief or reasonable apprehension that he, Rodgers, was about to be attacked, when he, Rodgers, struck him." [1]

"7. The damages allowed by the jury should not exceed a fair compensation for such injury and loss to the plaintiff as resulted directly from an unlawful blow or blows given by the defendant; and, in view of the fact that the defendant has been judicially convicted and sentenced for the assault and battery which constitutes the foundation of this action, the jury should not allow anything in the way of punitive damages in this case." Refused. [8]

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Errors assigned*, inter alia, were (1, 3, 7, 8,) instructions, quoting them.

*D. F. Patterson*, *P. C. Knox* with him, for appellant, cited, on the question of justification, Fisher v. R. R., 131 Pa. 292; on the question of punitive damages, Nagle v. Mullison, 34 Pa. 48; Porter v. Seiler, 23 Pa. 424; Fay v. Parker, 53 N. H. 342; Austin v. Wilson, 4 Cush. 273; Taber v. Hutson, 5 Ind. 322; Butler v. Mercer, 14 Ind. 479; Humphries v. Johnson, 20 Ind. 190; Whitney v. Hitchcock, 4 Denio, 461; Lucas v. Flinn, 35 Iowa, 9; Mooney v. Kennett, 19 Mo. 551; Ormsby v. Johnson, 1 B. Mon. 80.

*M. A. Woodward*, for appellee.

PER CURIAM, Oct. 3, 1892.

The first specification alleges that the court below erred in the answer to the defendant's first point. The learned judge affirmed the point as a matter of law. He qualified this affirmance, however, by saying that "if the facts be as Mr. Rodgers, the defendant, testifies to, there was nothing in the attitude of Mr. Rhodes to justify any belief or reasonable apprehension that he, Rodgers, was about to be attacked when he, Rodgers, struck him."

We think this qualification of the answer to the point was entirely justified by the evidence. It is true, one or two of the defendant's witnesses made a stronger case for him than he did for himself. His justification for the attack upon the plaintiff, if there be any, must rest upon the state of facts as they appeared to the mind of the defendant when the blow· was struck. According to his own statement he did not look around at the plaintiff until he looked or turned to strike him. He does not testify to any movement or act on the part of the plaintiff, showing an intention to attack him, and the language of the plaintiff, as testified to by the defendant, would not justify the assault. Looking at the whole evidence in the case the conduct of the defendant appears to be without justification. The plaintiff testified, and in this he was not contradicted, that at the time he was struck he was walking by the side of the defendant with his hands in his pockets, and his overcoat on.

The defendant's seventh point called upon the court to instruct the jury that in view of the fact that the defendant has been judicially convicted and sentenced for the assault and battery, which constitutes the foundation of the action, the jury should not allow anything in the way of punitive damages.

In Cornelius v. Hambay, a case from the western district, decided in July last, at Philadelphia, [reported in 150 Pa. 359,] we said that we did not care to enter upon the vexed question of punitive damages. They were allowed in that case, as they have been in numerous other cases in this state. In Nagle v. Mullison, 34 Pa., at page 53, it was said by this court: "In every case of oppression, outrage, and vindictiveness on part of the trespasser, the damages may be estimated and given in a punitive shape, rather than merely as compensatory." This is the law of this state as it has been administered time out of mind by this court. The fact that the plaintiff has been prosecuted and convicted and subjected to a fine of five dollars and the costs of prosecution, does not alter the rule. The learned judge below submitted this matter to the jury in mitigation of damages, which would seem to be the proper practice: Porter v. Seiler, 23 Pa. 424.

The remaining specifications do not require discussion.

Judgment affirmed.