# Greeney v. Pennsylvania Water Company, Appellant.

*Trespass—Pleading—Damages—Punitive damages—Waters.*

In an action of trespass to recover damages for injuries to real estate, it is not necessary for the plaintiff to set out in his declaration in so many words, that he claimed some or all of his damages as punitive. All that is required is that he make a case by his pleading and evidence which will entitle him to exemplary damages, for the wrong inflicted, in addition to those actually sustained.

The rule that where the damages actually sustained did not necessarily result from the act complained of, they must be especially pleaded, is satisfied however when from the facts sustained, the law infers other sufficient facts, for whatever the law infers from a given state of facts, the adverse party is presumed to know and must be taken notice of, whether it is specially pleaded or not.

*Trespass—Waters—Damages—Punitive damages.*

It is the duty of the court to submit the question of the kind of damages that may be given to the jury, and if there be no evidence of aggravation or oppression, then simple compensation is the rule; but if there is sufficient evidence of such conduct it is proper to submit it to the jury for ascertainment of circumstances that constitute such oppression and aggravation. The facts may or may not satisfy the jury that exemplary damages should be given, but they alone can dispose of the evidence, if there be any on the subject.

In an action against a water company to recover damages for injuries to land caused by water leaking from a reservoir, a verdict of punitive damages for plaintiff will be sustained, where the evidence tends to show that the reservoir had leaked from its construction, that some of plaintiff's arable lands, pasture and crops had been destroyed or injured, and that the conduct of the company indicated that it considered it cheaper to pay the damages caused by the leaking reservoir and pipes than to be at the expense of reconstructing them.

Argued April 11, 1905.    Appeal, No. 124, April T., 1905, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1903, No. 76, on verdict for plaintiff in case of Margaret Greeney v. Pennsylvania Water Company.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Trespass to recover damages for injuries to land.    Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows :

[But in addition to the damages by way of compensation, if you find that this trespass was a deliberate and willful act upon the part of this defendant company, done with a wanton disregard of the rights of the plaintiff, continued in with full knowledge on their part as to what they were doing, then in addition to the damages by way of compensation, making her whole for the injury which she suffered, you can give punitive damages, damages for the purpose of punishing the defendant for his willful and deliberate trespass on its part; and it is given for the purpose of deterring the defendant from committing this trespass, if you find that there is one there. That is the purpose ; not for compensation, but to punish the defendant for its willful, deliberate act. If you find that this act has been such a wanton act on its part, willful and deliberate and continued for a long period of time, you would be justified in giving punitive damages in addition to the damages by way of compensation.] [1]

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were (1) above instructions, quoting it; (2) in not holding upon the pleadings and facts in this case, that under the law, the extent of plaintiff's recovery would be limited to compensation for the injuries sustained; (3) in not limiting or defining the amount of vindictive damages which might be assessed against the defendant.

*A. W. Duff*, with him *H. E. Carmack*, for appellant.—Under the pleading in this case, the court erred in instructing the jury that they could give exemplary damages : Lynch v. Troxell, 207 Pa. 162 ; Welsh v. Stewart, 31 Mo. App. 376 ; Doss v. R. R. Co., 59 Mo. 27 ; McKeon v. Ry. Co., 42 Mo. 79 ; International, etc., R. R. Co. v. Garcia, 70 Tex. 207 (7 S. W. Repr. 802) ; Samuels v. Richmond, etc., R. R. Co., 35 So. Car. 493 (14 S. E. Repr. 943) ; Sullivan v. Oregon Ry. & Nav. Co., 12 Oregon, 392 (7 Pac. Repr. 508) ; Kennedy v. Erdman, 150 Pa. 427 ; Mellick v. R. R. Co., 17 Pa. Superior Ct. 12.

To justify exemplary damages, there must be evidence of gross negligence amounting to recklessness or indifference to

the dangers and consequences to others: Mo. Pac. Ry. Co. v. Shuford, 72 Texas, 165 (10 S. W. Repr. 408) ; Philadelphia Traction Co. v. Orbann, 119 Pa. 37 ; Huling v. Henderson, 161 Pa. 553 ; McCarthy v. DeArmit, 99 Pa. 63 ; Rose v. Story, 1 Pa. 190 ; Amer v. Longstreth, 10 Pa. 145 ; Forsyth v. Wells, 41 Pa. 291 ; Forsyth v. Palmer, 14 Pa. 96 ; Keil v. Chartiers Valley Gas Co., 131 Pa. 466.

*James Balph*, with him *W. H. Pratt* and *R. A. Balph*, for appellee, cited : Kennedy v. Erdman, 150 Pa. 427 ; Mellick v. R. R. Co., 17 Pa. Superior Ct. 12 ; Rose v. Story, 1 Pa. 190 ; Amer v. Longstreth, 10 Pa. 145 ; Nagle v. Mullison, 34 Pa. 48.

OPINION BY ORLADY, J., October 9, 1905:

The plaintiff is the owner of about twelve acres of land located near to, but on a lower level than the reservoir of the defendant water company. The reservoir was built in 1889; it is about fourteen feet in depth ; and is so constructed as to be in part an excavation made out of a hill and in part an embankment above the natural surface of the ground. The sides of the reservoir are paved and cemented ; the bottom is puddled with clay. A supply pipe line from a pumping station crosses land directly above the level of that of the plaintiff. There was considerable controversy between the parties to this suit, growing out of overflows and washouts, which was amicably adjusted on June 13, 1901, by the payment by the defendant of $200 for all damages sustained by the plaintiff up to that date, at which time, it is alleged by the plaintiff, and it is not contradicted, that she was assured that the company would have the reservoir cemented, and that she would not have any further trouble from the water coming onto her property.

This suit was instituted on May 21, 1903, and in her statement the plaintiff alleges that the reservoir was constructed in so careless and negligent a manner that it had been leaking, and that water had been cast upon her land for more than two years, and that through negligence and want of care on the part of the defendant, the reservoir overflowed its banks on November 29, 1902, which caused great quantities of water to be cast upon her premises. That the defendant company constructed a cross or water gate near her premises in March, 1901,

which has leaked and overflowed the plaintiff's premises and that said company has so negligently and carelessly maintained its line of water pipe and reservoir, as to cause water continually to overflow her property, etc.

The trial resulted in a verdict for the plaintiff for $1,000. The first specification of error taken from the charge of the court is as follows :—"But in addition to damages by way of compensation, if you find that this trespass was a deliberate and willful act upon the part of this defendant company, done with a wanton disregard of the rights of the plaintiff, continued in with full knowledge, on their part, as to what they were doing, then in addition to damages by way of compensation, making her whole for the injury which she suffered, you can give punitive damages ; damages for the purpose of punishing the defendant for its willful and deliberate trespassing, on its part ; and it is given for the purpose of deterring the defendant from committing this trespass, if you find that there is one. That is the purpose ; not for compensation but to punish the defendant for its willful and deliberate act. If you find that this act has been such a wanton act on its part, willful and deliberate and continuing for a long period of time, you would be justified in giving punitive damages in addition to the damages by way of compensation." The second assignment of error being : " The court erred in not holding, upon the pleadings and facts in this case, that under the law, the extent of the plaintiff's recovery would be limited to compensation for injuries sustained."

From the record it appears that the reservoir has been continuously leaking since its construction, and the injury to the plaintiff resulted in the practical destruction of one or two acres of her property, which have been made wet, boggy, and valueless, and that the overflow caused additional damage by washing out and destroying pasture lands, making furrows and ditches thereon ; certain damage was done to growing crops, and to the house by water flowing into the cellar. It was alleged by the defendant that the water came from springs in the ground, which were independent of the reservoir, but this theory was not accepted by the jury, and we must assume that the cause of injury was the leaks in the defendant's reservoir and water pipes, which were entirely under its control.

It is not necessary in such cases for the plaintiff to set out in his declaration, in so many words, that he claims some or all of his damages, as punitive. All that is required is that he make a case by his pleading and evidence, which will entitle him to exemplary damages, for the wrong inflicted, in addition to those actually sustained. The rule that where the damages actually sustained did not necessarily result from the act complained of, they must be specially pleaded, is satisfied however when, from the facts stated, the law infers other sufficient facts ; for whatever the law infers from a given state of facts, the adverse party is presumed to know and must take notice of, whether it is specially pleaded or not. The allegations as to an imperfectly constructed reservoir and defective maintenance of water pipes on ground adjacent to and on a higher level than the plaintiff's property, would give all reasonable notice to the defendant that the damages claimed, were those resulting from such defective construction and maintenance. The defendant is presumed to know the damages which necessarily resulted from its own acts, consequently it would not be taken by surprise when evidence of such resulting damages was admitted and shown under the general allegation of damages. General damages are such damages as the law holds to be the necessary result of the cause of action set forth in the statement, but may be recovered under the general allegation : 5 Ency. of Pleading & Practice, 717. It might have been more regular, perhaps, to have set out the details in the statement, but the defendant was not surprised at either the character or extent of the plaintiff's testimony, but attempted to meet and answer it, so that the cause was as carefully tried upon its merits, as if a more elaborate statement had been furnished : Hawes v. O'Reilly, 126 Pa. 440.

There was evidence to justify the learned judge in submitting the question of negligence, its degree and extent to the jury, and as shown in the excerpt from the charge, representing the first assignment of error, the jury would have to conclude that the continuing neglect of the defendant was not only willful and deliberate, but was persisted in for a long period of time, before they would find any verdict for the plaintiff based on punitive damages.

Moreover, the plaintiff adduced direct and positive proof to

show that her actual damages were reasonably from $1,200 to $1,500, and the jury having passed on all the facts, we have nothing to do with the amount of their verdict, which has met the approval of the court below, in refusing to grant a new trial. It has been declared to be the law in many decisions, that exemplary damages are allowed only where the act complained of has been committed willfully and maliciously, or, where in the absence of actual malice, it has been committed under circumstances of violence, oppression, outrage, or wanton recklessness ; and whenever the injury complained of has been so inflicted, with circumstances of continuity or indignity the jury are not limited to the ascertainment of simple damages. The jury may consider all the facts which relate to the wrongful act of the defendant and its consequences to the plaintiff, but they are not at liberty to go farther, than allow actual and compensatory damages, unless the evidence shows willful misconduct and a wanton invasion of the plaintiff's rights, or any circumstance of aggravation or outrage. This is for the jury to determine, and, within reasonable bounds, it is a matter peculiarly within their control. It is the duty of the court to submit the question of the kind of damages that may be given to the jury, and if there be no evidence of aggravation or oppression, then simple compensation is the rule; but if there is sufficient evidence of such conduct it is proper to submit it to the jury for ascertainment of circumstances that constitute such oppression and aggravation. The facts may or may not satisfy the jury that exemplary damages should be given, but they alone can dispose of the evidence, if there be any on the subject: Nagle v. Mullison, 34 Pa. 48 ; Phila. Traction Co. v. Orbahn, 119 Pa. 37 ; Pitts. C. & St. L. Ry. Co. v. Lyon, 123 Pa. 140 ; Rhodes v. Rodgers, 151 Pa. 634 ; Huling v. Henderson, 161 Pa. 553.

Under the evidence, the conduct of the water company was interpreted by the jury to mean that it was cheaper for it to pay the damages caused by the leaking reservoir and pipes than to be at the expense of reconstructing them. The case was fairly tried on its merits and the assignments of error are overruled.

The judgment is affirmed.