### Buford v. Hopewell, et al.

(Decided November 18, 1910.)

Appeal from Jefferson Circuit Court.
(Common Pleas Branch, Third Division.)

Damages—Injury to a Child Run Over by Automobile—Damages Recoverable.—In an action by a child eleven years old for damages for being run over and injured by an automobile, she recovered a judgment for $2,500.00 in damages. On appeal, Held, "We are unable to perceive from the evidence that the injuries inflicted are serious or permanent, and in our opinion less than one-third of the amount would have been sufficient to compensate her for

the injuries received. We know of no general rule for awarding punitive damages except that they must not be so excessive as to indicate that the jury was influenced by passion or prejudice, and must have some reasonable relation to the injury and the cause of it, and not be disproportionate to the one or the other. Applying this rule to this case, as the injury was not very serious, for that reason only, the judgment is reversed and the case remanded for another trial consistent herewith.

O'NEAL AND O'NEAL, for appellant.

POPHAM, WEBSTER & TRUSTY, KOHN, BAIRD, SLOSS & KOHN for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This appeal is from a judgment for $2,500.00 recovered as damages for injuries received by appellee, Bessie Hopewell, when struck by an automobile occupied by appellant and her chauffeur. The accident occurred in Louisville on Jefferson street, between Preston and Jackson, a thickly settled part of the city. Appellee was a child about eleven years of age. She, with her sister and two other small children, was passing from the south side of Jefferson street to the north side, at a point near the middle of the block. At the time they were passing a wagon or two moved up the street, and as they came from behind the wagons they were approached by the automobile. The two children referred to last, escaped by running ahead of it, but one of them fell after passing out of the way of it. Appellee and her sister did not pass in front of the machine, but appellee was so near to it that the fender of the automobile struck her in the side or back and knocked her to the pavement. Up to this point there is no material conflict in the evidence. Appellee and five or six other witnesses testified that it was dark at the time of the injury; that it was between five and six o'clock on the evening of November 18, 1908; that the automobile was moving very fast—one witness gave it as much as twenty miles an hour; that there was no horn sounded or other signal given of the approach of the machine, and some of them stated that it ran thirty or forty feet after striking the child before it could be stopped.

Appellant and her chauffeur testified that it was not dark at the time of the accident; that the automobile was running slowly, not over five or six miles an hour; that

the children came from behind the wagon and the machine was stopped immediately, and that appellee fell against the fender while the machine was standing still. Two or three other witnesses testified that it was not dark when the accident occurred. All the witnesses who testified upon the subject agreed that the child was picked up, placed in the automobile and carried to a drug store, and a doctor was called who made an examination of the child, treated it for a slight abrasion on the face near the ear, and the child was then carried to its home and placed in bed.

Appellee's testimony tended to show that she was partially unconscious for a day and night after the injury, and was in bed on account of it for nearly two weeks; that she suffered from pains near the center of her back; that there was a bruised place on her back, about the size of a dollar; that her wrist was injured, but had apparently recovered at the time of the trial, except, at times, it pained her. There was a slight abrasion on her hip or leg and the one referred to on her face near the ear. The testimony also showed that she suffered almost continually from the injury to her back, and that the injury to her wrist had prevented her from doing anything, and that, at times, she had to be aided in getting out of bed. She introduced two physicians; one of them waited on her for eight or ten days after the injury, and the other examined her and testified as an expert. They both tended to corroborate her as to the extent of her injury. Appellant introduced one physician, the one who examined her in the drug store immediately after the accident, and he testified that he made a careful examination of every bone in her body and was unable to find any injury except the abrasion near the ear; that, in his opinion, she received no material injury and was at the time of the trial sound and well. Appellant and her chauffeur gave some testimony tending to show appellee was malingering, to-wit: they testified that on the second day after the accident they called upon appellee and when they drove up to the front of the house they saw her standing looking out of the window, and when they entered the room they found her in bed with cloth around her head and wrist. Appellee testified that it was her little sister at the window, and that she was not out of bed for nearly two weeks after she was hurt.

Appellant seeks a reversal for only two reasons:

First, the court erred in giving the jury an instruction allowing the recovery of punitive damages; second, the amount of the verdict is excessive. There is no complaint of the form of the punitive damage instruction, but it is contended that the evidence did not authorize the court to give it. It is agreed that there were no lights on the automobile; that there was no warning of any kind as it approached or came from behind the wagon, and, according to the testimony for appellee, as it was dark and the machine was running fast, there is no question that the driver of the automobile was guilty of gross negligence in the manner of moving the machine at that time. If it were dark at the time, appellant was negligent in having no lights upon the machine and in failing to give a signal of its approach to the rear of the wagons. The case of Gregory v. Slaughter, 124 Ky. 345, was somewhat similar in facts to the case at bar, and in that case the court said:

"Instead of stopping his automobile until the car passed and he could see whether there were pedestrians on the crossing beyond, he simply changed his direction so as to go around the passing car, and by his own act was brought face to face with appellee at a distance too short to prevent the collision at the rate he was moving. This was, in itself, gross negligence to the verge of recklessness. In practical result there was no difference between what he did and if he had shut his eyes and driven his automobile over the street crossing without observing whether any one was in his way or not. So we conclude that, accepting appellant's own evidence as a correct statement of the facts, he was guilty of gross negligence in inflicting the injury which occurred to appellee."

As to the other point raised, excessive damages, we are inclined to the opinion that the complaint is well founded. The verdict is for a lump sum; it is not shown what the jury considered as just compensation nor what amount they assessed as punishment. We are unable to perceive from the evidence that the injuries inflicted upon the child are serious or permanent, and, in our opinion, less than a third of the amount would have been sufficient to compensate her for the injuries received. We know of no general rule upon the subject of awarding punitive damages, except that the damages must not be so excessive as to indicate that the jury was influenced by passion and prejudice, and must have some reasonable relation to the injury and cause of it, and must not

be disproportionate to the one or the other. (L. & N. R. R. Co. v. Roth, 130 Ky. 759, 114 S. W., 264.) Applying this rule to the case at bar, we are of the opinion, as the injury was not very serious, the amount of the verdict is out of proportion to it.

For that reason only, the judgment is reversed and remanded for another trial consistent herewith.