### Bollinger v. Greenaway, Jr.

*Practice, C. P.—Pleading—Statement of claim—Punitive damages—Act of May 14, 1915.*

1. In an action of trespass for an injury to an automobile, punitive damages from their nature cannot be itemized, and the statement of claim need not contain any itemized averment as to them; but it is fatally defective if it does not set forth the amount of the alleged depreciation in the value of the automobile and the several items paid for necessary repairs.

2. The provisions of section 13 of the Practice Act of May 14, 1915, P. L. 483, relieving defendant in an action of trespass from filing an affidavit of defence denying certain allegations as to damages claimed, does not relieve plaintiff from setting forth a detailed statement of the alleged damages.

3. In such a case all claims for damages which are susceptible of being itemized or otherwise set forth in detail must be so presented in the statement of claim.

Motion to strike off statement of claim.　C. P. York Co., Aug. T., 1922, No. 235.

*John J. Bollinger,* for plaintiff.

*S. K. McCall* and *J. Edgar Small,* for defendant and motion.

WANNER, P. J., Oct. 13, 1922.—The plaintiff in this action of trespass alleges that the collision in which his automobile was wrecked was caused by the negligence of the defendant, and he, therefore, seeks to recover punitive damages to the amount of $2500, and also asks for compensatory damages to the amount of $1000, for depreciation in the value of his automobile and the cost of necessary repairs thereto.

It is objected that these damages are not itemized or set forth in the plaintiff's statement with the particularity required by the Practice Act of May 14, 1915, P. L. 483. Punitive damages, however, from their nature, are not susceptible of being itemized in the ordinary way, as the amount, if any, which should be awarded is wholly in the discretion of the jury, under the proven facts and circumstances of the case. Neither is the alleged depreciation of the plaintiff's automobile made up of separate items, but consists of the difference between its value before the accident and its value after repairs thereto were made. But we are of the opinion that the statement is defective in not setting forth the amount of the alleged depreciation in the value of the plaintiff's automobile and the several sums paid by the plaintiff to the respective parties who made the repairs thereto, so that the defendant would be informed of the precise nature and extent of the plaintiff's several claims. The defendant is always entitled to this to enable him to determine what portions, if any, he might admit and which should be contested. Section 5 of the Practice Act of 1915 requires that "every pleading shall contain in a concise and summary form a statement of the material facts on which the party pleading relies for his claim," and not merely the amount of it.

3 D. & C.

Under the decision of the courts construing this act in actions of *assumpsit*, general allegations, indefinite claims, lumping charges, inferences and conclusions of law are all excluded from the pleadings, and only specific allegations of material facts are properly admissible therein. This has b en so frequently held in actions of *assumpsit*, since the passage of the Practice Act of 1915, that the rule is too familiar to require the citation of authorities in its support. But under the title and the amended section 1 of said act, its provisions are made applicable alike to all actions of trespass as well as those of *assumpsit*, except actions of libel and slander. The only exception to its full applicability to actions of trespass like this is found in section 13, where it is provided that certain averments of the plaintiff's statement need not be denied by an affidavit of defence, but will be treated as at issue without any answer thereto, unless they are expressly admitted.

That section, however, explicitly provides that the other usual averments of a statement in trespass, if not denied by affidavit, shall be taken as admitted under the general provisions of section 6 of said act, just as is done in actions of *assumpsit*.

In affirmance of the application of the provisions of section 5 to actions of trespass, it has been held that general allegations of the defendant's negligence are not sufficient in an action of trespass, but that the material facts and circumstances constituting such negligence must be set forth in the plaintiff's statement. In an action of trespass for injuries to plaintiff's automobile, it was said that the plaintiff's statement must be a bill of particulars, and a statement filed in another trespass case, containing long schedules of the items of damages claimed, was held to be in proper form under section 5 of the Practice Act of 1915: King et al. v. Brillhart, 271 Pa. 301-305; Charnogursky v. Price-Pancoast Coal Co., 249 Pa. 1-3; Hawes v. O'Reilly, 126 Pa. 440; Bittner v. City of York, 34 York Leg. Record, 173; Dietz v. American Agricultural Chemical Co., 29 Dist. R. 691; Williams v. Capute, 1 D. & C. 767; Enlow v. First National Bank, 34 York Leg. Record, 110; Hyde Park Gas Co. v. Peoples Coal Co., 29 Dist. R. 841.

From the decisions, and from the evident purpose of the Practice Act of 1915 to compel a full disclosure in the pleadings of all the material facts and details of the respective claims of both parties, there seems to be little room to doubt that in trespass as well as in *assumpsit* general claims and lumping charges are inadmissible. Therefore, all claims for damages which are susceptible of being itemized or otherwise set forth in detail must be so presented in the pleadings in actions of trespass: Philadelphia Storage Battery Co. v. Air Reduction Selling Co. (Pa.), 274 Fed. Repr. 216; Hyde Park Gas Co. v. Peoples Coal Co., 29 Dist. R. 841; Kohr v. Fox Baking Co., 31 York Leg. Record, 161; Trevena v. Zimmerman, 30 Dist. R. 1072; Hawes v. O'Reilly, 126 Pa. 440; Bittner v. City of York, 34 York Leg. Record, 173.

Several lower court cases were cited at the argument holding, as under the old practice prior to the Practice Act of 1915, that in trespass cases items and details of alleged damages need not be set out in the plaintiff's statement. But they fail to give effect to the provisions of section 5 of that act, or to recognize the fact that, save for the specific exceptions set out in section 13 thereof, all its general provisions apply alike to actions of *assumpsit* and of trespass, except libel and slander.

The provisions in section 13 of the Practice Act relieving the defendant from filing an affidavit denying certain allegations as to the damages claimed does not relieve the plaintiff from the duty of giving a detailed statement of the damages claimed under the provisions of section 5 of the Practice Act.

The primary object of requiring specific information to be given to the defendant is not to enable him to file an affidavit of defence, but to make defence thereto at the trial, and he is, therefore, entitled to such information, though he may be relieved of the necessity of denying plaintiff's claim in the pleadings.

And now, to wit, Oct. 13, 1922, the plaintiff's statement is stricken off, with leave to file another within fifteen days hereafter.