## Mitchell *v.* Randal, Appellant.

*Damages—Verdict—Excessive punitive damages—Compensatory damages—Duty of trial court—Reducing damages or new trial— Appeal—Record—Judicial knowledge.*

1. An award of exemplary damages must bear a reasonable proportion to the award of actual damages.

2. In an action for damages for assault and battery where the jury renders a verdict for plaintiff for $6,000 and awards $1,000 as compensatory damages and $5,000 as punitive damages, a judgment on such verdict will be reversed on appeal.

3. In such case it was the duty of the trial court, on being informed orally by the foreman of the jury that the jurors had agreed upon and awarded exemplary damages in five times the amount of the actual damages fixed by them, either to reduce the exemplary damages by an order, affording plaintiff the privilege of accepting the reduction or a new trial, or to grant a new trial.

4. On appeal, in such case, the appellate court will accept the statement of the trial court in an opinion entering judgment on the verdict, to the effect that the foreman of the jury orally stated that the damages had been apportioned between punitive and exemplary damages.

5. The fact that the court below expresses an opinion that the exemplary damages were insufficient, is immaterial.

Argued January 24, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 141, Jan. T., 1927, by defendant, from judgment of C. P. Montgomery Co., Nov. T., 1924, No. 30, on verdict for plaintiff, in case of Frank Mitchell *v.* Harry L. Randal. Reversed.

Trespass for assault and battery. Before NILES, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,000, as to which the foreman of the jury stated that $1,000 was for compensatory damages and $5,000 for punitive damages. Judgment for $6,000. Defendant appealed.

*Errors assigned* were (1) refusal of new trial, (2) refusal to set aside verdict and (3) entry of judgment on verdict, quoting record as to each assignment.

*George Wharton Pepper*, with him *C. T. Larzelere* and *Theodore S. Paul*, for appellants.—A verdict for punitive damages will not be allowed to stand where disproportionate to the actual damage: Foster v. Com., 8 W. & S. 77; Barr v. Moore, 87 Pa. 385; Cornelius v. Hamby, 150 Pa. 359; Rhodes v. Rodgers, 151 Pa. 634; Matheis v. Mazet, 164 Pa. 580; Wirsing v. Smith, 222 Pa. 8; Seely v. Alden, 61 Pa. 302; Rider v. Water & Power Co., 251 Pa. 18; Andreas v. Stakulsky, 22 Luz. L. R. 343.

*M. T. McManus*, with him *Frank J. Bradley* and *Ralph W. Wescott*, for appellee.—A jury is not bound to state the items of the damage in their verdict, and, should they do so, a court of error will not look at the items: Cope v. Kidney, 115 Pa. 228; Watkins v. B. & L. Assn., 97 Pa. 514; Hartley v. White, 94 Pa. 31; Bickham v. Smith, 62 Pa. 45; Thompson v. Oil Co., 279 Pa. 321.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 14, 1927:

Plaintiff sued in trespass to recover for personal injuries due to an alleged assault and battery committed on him by defendant; judgment was entered for plaintiff and defendant has appealed.

The opinion of the court below, entering the judgment appealed from, explains that, "In delivering the verdict, the foreman of the jury stated $1,000 [thereof]

was compensatory damages and $5,000 was punitive damages." It is the rule in Pennsylvania that an award of exemplary damages must bear a reasonable proportion to the award of actual damages. In Rider v. York Haven W. & P. Co., 251 Pa. 18, 26, 27, this court said: "In the present case the jury in a separate item found the compensatory damages sustained by the plaintiff to be $1,000.00, to which sum was added $2,700.00 for punitive damages, making the total verdict $3,700.00. We know of no case in our own State where punitive damages were allowed in almost treble the amount of the actual damage sustained......It is difficult, if not impossible, to lay down any definite rule as to the amount of punitive damages which may be allowed under the facts of a particular case. However this may be, we quite agree with the views expressed by the Supreme Court of Kentucky in Buford v. Hopewell, 140 Ky. 666 [131 S. W. 502, 503], where it is said: 'We know no general rule upon the subject of awarding punitive damages except that the damages must not be so excessive as to indicate that the jury was influenced by passion or prejudice, and must have some reasonable relation to the injury and cause of it, and must not be disproportionate to the one or the other.'" Under the evidence of the case at bar the punitive damages were entirely disproportionate to the compensatory damages awarded. The learned trial judge evidently entertained the same view, but felt constrained to sustain the verdict upon the theory that the testimony was sufficient to warrant a finding that the plaintiff had been actually damaged in an amount much larger than the jury found. We cannot regard this as a sufficient reason for approving an award of punitive damages so disproportionate to the amount of compensatory damages allowed.

While the rule stated in the case just quoted from is not uniformly adopted throughout the United States, it seems to be the preponderant one. Many examples of the application of this rule may be cited: among

others, see Hunter v. Kansas City Rys. Co., 213 Mo.
App. 233, 248 S. W. 998, 1002; Pendleton v. Norfolk
& W. Ry. Co., 82 W. Va. 274, 95 S. E. 941, 944; Hess
v. Marinari, 81 W. Va. 500, 94 S. E. 968, 971; Flanary
v. Wood, 32 Tex. Civ. App. 250, 73 S. W. 1072-3; Bu-
ford v. Hopewell, supra; Louisville & Nashville R. R.
Co. v. Roth, 130 Ky. 759, 114 S. W. 264, 266; Mobile
& Montgomery R. R. Co. v. Ashcraft, 48 Ala. 15, 33;
see also 16 A. L. R. 771-2; Sedgwick on Damages (9th
ed.), vol. I, section 388; 8 R. C. L. 680-1, section 218; 17
C. J. 993, section 293.

Appellant contends, however, that, since no division
of the $6,000 awarded plaintiff appears in the record,
aside from the above-quoted excerpt from the opinion
of the court below, this court lacks official knowledge
that the jury made such a division; to this we cannot
agree. It appears that the jury did not hand in a writ-
ten verdict, but announced its award orally; and the
only notation of this found upon the record is a mere
memorandum to the effect that the jury rendered its
verdict in favor of plaintiff for $6,000. No effort ap-
pears to have been made to state verbatim the terms
in which the verdict was rendered. Moreover, counsel
for appellant does not question the correctness of the
judicial statement made by the court below, that the
foreman of the jury, "in delivering the verdict," divided
the damages in the manner already set forth. This is
something more than what appellee calls the report
of a mere colloquy between the court and jury; it is
the only statement in the printed record of what actually
occurred when the verdict was rendered, and, being
unchallenged, we must accept it as a verity.

Though a jury is not bound to state the items of
damages in its verdict, and, under some circumstances,
the court may disregard such items when set forth, yet
there are many instances in which it is not only proper
to have such a statement but also where the court may re-
quest the jury to render its verdict in that form, that

is, to find a general verdict accompanied by specific findings of fact (Thompson v. Emerald Oil Co., 279 Pa. 321, 326); and when punitive as well as compensatory damages are involved in a case like the one now before us, it is entirely proper to have separate findings made by the jury when rendering the verdict. In passing on the present verdict, the court below acted under a misapprehension regarding the law of Pennsylvania, as is evidenced in its opinion by the judge presiding, wherein he said, "It is not the duty of the court to interfere with the decision of the jury as embodied in the verdict." Here, with the knowledge before it that the jurors had agreed upon and awarded exemplary damages in five times the amount of the actual damages fixed by them, it was the duty of the court either to reduce the exemplary damages (by an order affording plaintiff the privilege of accepting the reduction or a new trial) or to grant a new trial.

The judgment is reversed with a venire facias de novo.