Bernice **BULLOCK**, Individually and as Administratrix C. T. A. of the Estate of Asbury S. Bullock, Deceased,

v.

**SINCLAIR REFINING COMPANY.**

Civ. A. No. 21220.

United States District Court
E. D. Pennsylvania.

March 27, 1958.

Howard Richard, Upper Darby, Pa., for plaintiff.

James B. Doak, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This action was instituted on August 22, 1956, by Mary Lee Bullock (hereinafter called "second wife"), individually and as executrix of the Estate of Asbury S. Bullock, deceased, to recover under the Pennsylvania Wrongful Death Act (12 P.S. §§ 1601–1604) and the Pennsylvania Survival Act (20 P.S. § 320.-601, § 320.603) for the death of the above-mentioned decedent on April 24, 1956, as the result of an explosion at the defendant's Pennsylvania refinery, where decedent was working for an independent contractor who was in the process of erecting certain improvements. The second wife alleged that she was the decedent's wife, the mother of his three minor children, and that she was named executrix in his will. On February 25, 1957, the Letters Testamentary granted to the second wife were revoked by the Orphans' Court of Delaware County, pursuant to the petition of Bernice Bullock (hereinafter called "first wife"), who was granted Letters of Administration C. T. A. by the Delaware County Register of Wills on April 23, 1957. The second wife and her three minor children were represented before the Orphans' Court of Delaware County at the hearings which led to the above-mentioned order of February 25, 1957. The order of February 25, 1957,[1] included, among others, the following findings:

1. The first wife, presently residing in Passaic, N. J., and the decedent were married in Florida on February 25, 1932.

2. In 1935, the decedent, without just cause, deserted his first wife and she had done nothing which would amount to desertion on her part.

3. The first wife and the decedent were never divorced and were husband and wife until the decedent's death on April 24, 1956.

At all times, both before and since the order of February 25, 1957, the second wife has contended that the decedent was divorced from the first wife, but she has been unable to produce any evidence of such divorce. Her counsel contended at the argument that she is still trying to discover such evidence.

On April 23, 1957, the first wife filed a motion to substitute herself as plaintiff in this civil action, both individually and as administratrix, and to amend this action, alleging, among other things, that she "is exclusively entitled to all of the benefits accruing under the Wrongful Death action." Subsequently, this court substituted the first wife as plaintiff in this case and amended the caption accordingly.[2]

The case is now before the court on plaintiff's motion for leave to file a second amended complaint,[3] which supple-

1. There is attached hereto a certified copy of the order of the Orphans' Court of Delaware County dated February 25, 1957, which was submitted to the court with defendant's brief without objection by counsel for plaintiff.

2. See orders of October 7, 1957, and November 29, 1957.

3. An amended complaint filed by the plaintiff on December 31, 1957 (Document No. 14 in Clerk's file) has been abandoned by her through filing the motion to file a Second Amended Complaint.

ments the above-mentioned motion of April 23, 1957, and was filed January 24, 1958, and defendant's answer to that motion filed January 29, 1958.[4] Defendant's objections to the filing of the second amended complaint, as supplemented by plaintiff's motion filed February 19, 1958, amending paragraph 9 of this amended complaint, cannot be sustained at this time for these reasons:

I. The Statute of Limitations is no bar to the filing of the amended complaint because plaintiff's motion to amend of April 23, 1957, was filed within the statutory period.

■ Under F.R.Civ.P. 15(c), 28 U.S.C.A., any amendment of a pleading relates back to the date of the original pleading. Furthermore, the motion to amend in this case, filed within the statutory period[5] on April 23, 1957, has never been specifically ruled on[6] because of the failure of the substituted plaintiff[7] to file her form of amended complaint until January 24, 1958 (Document No. 16 in the Clerk's file). In view of the fact that defendant has had notice since April 23, 1957, that the first wife, as well as the second wife and the decedent's illegitimate children, are all claiming recovery under the Wrongful Death Act,[8] it is in accordance with the spirit of the Federal Rules of Civil Procedure to treat the motion to amend filed January 24, 1958, as supplemented by the amending motion filed February 19, 1958,

as an amplification of the motion filed April 23, 1957, even though counsel for the first wife should have proceeded more promptly in filing the form of his amended complaint.[9] These motions do not add any substantive claim to the complaint already filed, except insofar as they add a claim under the Survival Act for exemplary damages, which point is discussed under III below.

II. That portion of the complaint concerning illegitimate children should not be deleted at this stage of the case.

■ ■ It is clear that illegitimate children cannot recover under the Pennsylvania Wrongful Death Act. Molz v. Hansell, 1934, 115 Pa.Super. 338, 175 A. 880; Kemmerer v. Reading Co., C.P. Leh.1949, 64 Pa.Dist. & Co. 433. However, the claim of the children of the second wife should not be dismissed at this time in view of her contention that she will be able to prove a valid divorce between the decedent and his first wife by the time of trial. Cf. Headen v. Pope & Talbot, Incorporated, 3 Cir., 252 F.2d 739, 742–745.

III. That portion of the complaint concerning exemplary damages should be allowed to stand.

Defendant has cited no authority indicating that plaintiff is not entitled to recover exemplary damages under the broad wording of the Survival Act. 20 P.S. § 320.603.[10] There is no conclusive·

---

4. See Documents 16 and 18 in the Clerk's file. The plaintiff has also filed a motion to amend Paragraph 9 of her amended complaint and defendant has filed an answer to that motion (see Documents Nos. 19 and 20 in the Clerk's file).

5. 12 P.S. § 1603.

6. The orders referred to in footnote 2 above did not consider that part of the April 23 motion which asked leave to amend.

7. F.R.Civ.P. 25(c) contemplates that the substituted plaintiff may continue the original action, and the continuance of this original action by the substituted plaintiff is not in conflict with this language from the last sentence of the Drafters' Note to Pa.R.Civ.P. 2202(b),

12 P.S.Appendix: "* * * the action which is first brought bars the institution of any other action."

8. These facts distinguish Rosenzweig v. Heller, 1931, 302 Pa. 279, 153 A. 346. Cf. Brennan v. Rooney, D.C.E.D.Pa. 1956, 139 F.Supp. 484.

9. The motion to amend, filed April 23, 1957, would have been clearer if it had had attached to it a copy of the proposed amendment to the complaint. However, F.R.Civ.P. 7(b) only requires that any motion state the reasons therefor. See 2 Moore, Federal Practice, § 7.05, p. 1511.

10. "An action or proceeding to enforce any right or liability which survives a·

evidence in the record refuting the possibility that plaintiff might be able to prove that defendant's conduct was so careless as to indicate wanton disregard of plaintiff's rights. Thompson v. Swank, 1934, 317 Pa. 158, 176 A. 211; Pittsburgh, etc., Ry. Co. v. Lyon, 1889, 123 Pa. 140, 16 A. 607, 2 L.R.A. 489. Under the circumstances, paragraph 15 of the second amended complaint, attached to the motion filed January 24, 1958, will not be stricken, without prejudice to defendant's right to renew its objection at the time of trial.

### Order.

And Now, March 27, 1958, for the foregoing reasons, It Is Ordered that plaintiff's motion to amend the complaint filed January 24, 1958, as supplemented by the motion filed February 19, 1958, is granted.

decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive." See Voelkel v. Bennet,

D.C.E.D.Pa.1940, 31 F.Supp. 506, affirmed, 3 Cir., 1940, 115 F.2d 102, 104, and cases there cited.