## Judson v. Tracey, Jr.

*W. Edward Bushong, Jr.,* for plaintiff.
*Griffith, Kurtz & Harvey,* for defendant.

GAWTHROP, P. J., June 12, 1961.—Plaintiff brought two actions in trespass against defendant. In each, she claims both compensatory and punitive damages. One suit is based upon defendant's alleged breach of duty to her in continuing maliciously to sell to plaintiff's husband, a known intemperate person, alcoholic beverages, causing his intoxication and consequent physical abuse of plaintiff while intoxicated, with knowledge on defendant's part of the husband's previous drunken abuse of plaintiff and after plaintiff had notified and requested defendant to discontinue selling intoxicants to her husband. The other action is based upon defendant's alleged malicious assault and battery upon plaintiff while she was lawfully a guest in defendant's tavern.

After issue joined in each action, plaintiff sought to take defendant's deposition under Pennsylvania Rule of Civil Procedure 4007(a), particularly with reference to his financial condition as bearing on the question of punitive damages. Defendant, on advice of counsel, refused to answer questions put to him in that regard without being directed so to do by order of court, invoking the provisions of Pa. R. C. P. 4011 and asserting further that the questions involved and

the answers thereto, if made, are not "relevant to the subject matter" and will not "substantially aid in the . . . preparation or trial of the case," as provided in Pa. R. C. P. Rule 4007(a).

A single application to the court, captioned in both cases together, for an order directing defendant to answer the questions involved was filed by plaintiff, and, after argument, both matters are before us for decision. Proper practice would have dictated the filing of a separate application in each action. However, we shall dispose of both matters on the record now made as if separate applications had been filed.

Beyond doubt, where the pleadings aver defendant's malicious tortious conduct and claim punitive damages therefor, defendants' financial circumstances are relevant to enable the jury, under proper instructions, to consider and pass upon the allowance of punitive damages: Hughes v. Babcock, 349 Pa. 475, 480; Thompson v. Swank, 317 Pa. 158. Thus the matter is "relevant" under Pa. R. C. P. 4007(a). On the subject of defendant's financial condition, the prime source of information to enable plaintiff to prepare and prove that phase of her case is defendant's own testimony as to his assets and liabilities. Necessarily, then, the questions and answers "will substantially aid" in the preparation or trial of her case, or both. The only limitations upon discovery under Pa. R. C. P. 4007(a) are that the information sought be relevant, substantially aid the moving party, and not violate Pa. R. C. P. 4011; Feldman v. Seligman & Latz, Inc., 9 D. & C. 2d 394. Nothing contained in Pa. R. C. P. 4011 justifies defendant in refusing to give the information here sought. It is not privileged, nor sought in bad faith, nor excluded by any other limitations of that rule.

And now, June 12, 1961, it is ordered that defendant, Stephen E. Tracey, Jr., as part of his deposition being taken under Pa. R. C. P. 4007(a) in each of the

above-captioned actions, shall answer questions put to him by plaintiff's attorney concerning:

1. The amount of inheritance, if any, received by him from the estates of his deceased father and mother;

2. The number of automobiles owned by him;

3. The purchase price paid by him for his place of business known as "The Stables" and the encumbrances thereon, if any;

4. The value of any boat he owns;

5. The nature and character of all real and personal property owned by him, together with the value thereof and the encumbrances thereon, if any.

The prothonotary is directed to docket this opinion and order in both no. 94 November term, 1958, and no. 95 November term, 1958, and to file a copy hereof as a part of the record in each action.