## Pollock v. Paradise Stream Resort, Inc.

*Phillip P. Santucci,* for plaintiffs.
*Walter Olenick,* for defendants.

WILLIAMS, P. J., June 10, 1970.—Rule XL of this court provides that all civil cases where the amount in controversy shall be $2,000 or less shall be submitted to and be heard and decided by a board of arbitrators.

Section 2 of the same rule provides:

"The Court, of its own motion . . . , may strike any case from the trial list which should have been arbitrated in the first instance."

The pleadings allege that the actual damage sustained by plaintiffs Pollock was $290.35 and likewise allege that the actual damage sustained by plaintiffs Sarbak was $261.44, both of which sums under the aforesaid rule of this court would require this case to be submitted to arbitrators for decision. However, each of plaintiffs asserts the right to recover punitive damages. The pleadings aver that defendants, opera-

tors of a resort motel, had knowingly misrepresented its facilities which were not, in fact, as represented; that plaintiffs demanded a refund of their deposits which were refused and defendants threatened to call the police if plaintiffs did not leave immediately.

If the evidence should establish a right to punitive damages, for the verdict to exceed arbitration limits, the jury would be required to award to each plaintiff punitive damages in an amount in excess of five times the actual damages alleged in the pleadings.

In Rider v. York Haven Water and Power Company, 251 Pa. 18, the court approved this statement, page 26:

" 'We know no general rule upon the subject of awarding punitive damages except that the damages must not be so excessive as to indicate that the jury was influenced by passion or prejudice, and must have some reasonable relation to the injury and cause of it, and must not be disproportionate to the one or the other.' "

In Rider, the jury awarded plaintiff $1,000 actual damages and $2,700 punitive damages, making the total verdict $3,700. The court set aside the jury verdict, holding the punitive damages to be excessive, and said page 26:

"We know of no case in our own State where punitive damages were allowed in almost treble the amount of the actual damage sustained."

In Mitchell v. Randal, 288 Pa. 518, the jury awarded plaintiff $1,000 actual damages and $5,000 punitive damages. The court said, page 522:

"Here, with the knowledge before it that the jurors had agreed upon and awarded exemplary damages in five times the amount of the actual damages fixed by them, it was the duty of the court either to reduce the exemplary damages (by an order affording plaintiff

the privilege of accepting the reduction or a new trial) or to grant a new trial."

These Supreme Court cases demonstrate that any jury verdict in this case which would award plaintiffs punitive damages in an amount sufficient to result in a total verdict of $2,000 would have to be either reduced by the court or a new trial granted. This being true on the face of the pleadings, this case must be submitted to arbitration.

### ORDER

And now, June 10, 1970, for the reasons stated in the foregoing opinion, it is ordered that this case be stricken from the trial list and submitted to arbitration.