# Carpenter *v.* Lancaster, Appellant.

| 212 | 581 |
| 213 | 477 |
| 30 SC | 559 |
| 212 | 581 |
| 216 | 510 |
| 212 | 581 |
| 138SC | 170 |
| 212 | 581 |
| 40SC4 | 17 |

*Sewers—Damages—Municipalities.*

If an injury resulting from the pollution of a stream by a municipal sewer system is permanent, the landowner is to be compensated for the diminished value of his land.

In an action against a city by a landowner to recover damages for injuries sustained by the action of the city in making a stream an open part of its sewer system, the measure of damages, if the injury is permanent, is the difference between the market value of the property before the injury was committed, and its market value thereafter.

In such a case it is immaterial whether the city has or has not the right to appropriate private property as part of its sewer system; and the carelessness and negligence of the city in doing the work are also immaterial, as they are not involved in the issue framed to determine the damages resulting from the use of the stream.

*Practice, C. P.—Trial—Theory of the case—Review—Appeals.*

After a trial judge has submitted a question to a jury from the standpoint from which both parties to the issue manifestly have tried it, it is not consistent with good faith to the court that the one against whom the verdict is rendered should question the correctness of the submission. If it is ever to be questioned it ought to be only in cases where manifest injustice results from it.

*Sewers—Permanent injury—Res adjudicata—Judgment.*

Where a case against a city to recover damages resulting from the construction of a sewer has been tried on the theory of permanent injuries, and the pleadings have been made to conform to this theory, the judgment will be a bar to any future action against the city by the plaintiff or his successors in title for the pollution of the stream resulting from the sewer construction.

*Appeals—Assignments of error—New trial—Grounds for refusing new trial.*

On an appeal from a judgment on a verdict, views entertained by the court below and set forth in an opinion refusing a new trial cannot be assigned as error. If the jury were properly directed, judgment on their verdict will not be disturbed for any views subsequently entertained by the trial judge, even if erroneous.

Argued May 16, 1905. Appeal, No. 360, Jan. T., 1904, by defendant, from judgment of C. P. Lancaster Co., Nov. T., 1902, No. 7, on verdict for plaintiff in case of Sarah B. Carpenter v. City of Lancaster. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for injuries alleged to have been sustained by the pollution of a stream in the construction of a sewer. Before HASSLER, P. J.

Defendant presented, inter alia, the following points:

1. If the jury believe that the stream of water flowing through the property of the plaintiff was polluted for more than twenty-one years before the bringing of this suit, the plaintiff cannot recover unless the city of Lancaster since the building of its sewers, which are discharged at Dauphin and Juniata streets, has been careless or negligent in their use. *Answer :* This point we refuse. The city is liable for any damages they have caused by polluting this stream and using it as a sewer, if you find they did pollute it, regardless of their carelessness or negligence. [1]

2. The court is asked to charge the jury that before they can award damages for the pollution of plaintiff's well, they must find that the pollution was caused wholly by the sewers of the city. *Answer :* This point is refused as it is written. If, however, the jury believe that the stream was polluted before the city of Lancaster emptied their sewers into it, you may consider that in making an estimate of the damages suf-

fered by the plaintiff by reason of the act of the defendant. If the jury believe that the plaintiff has suffered any injury, in other words, if the stream was polluted prior to the entering of the sewers into this stream, the damage to the plaintiff would not be so great as it would be were it a pure stream of water, as testified to by plaintiff's witnesses, before they emptied their sewers into it. [2]

3. If the well was polluted and the odors complained of arose from the deposit of night soil on the land by the permission of the tenant, the city of Lancaster would not be liable, even though the air from the sewer was foul and the stream overflowed into the well. *Answer:* This point we refuse. If the city of Lancaster caused any damage by reason of the air being rendered impure and foul because of its using this stream as a sewer, or if the stream by reason of its being used as a sewer overflowed its banks and entered into the well, and any damage caused thereby the city of Lancaster would be liable for. [3]

The court charged in part as follows:

[A municipal corporation has a right to take the property of an individual for the purpose of maintaining a system of sewers to carry the waste and offal from the city, whether that right has been given by statute or is from public necessity. It was in pursuance of this right that the city of Lancaster, from 1892 to 1902, built three sewers in the southeastern portion of the city, which empty into a small stream of water which runs across the property of the plaintiff for a distance of 1040 feet. This act of emptying sewers into this stream was adopting the stream as an open sewer, and practically appropriating it as part of the system of sewers owned and controlled by the city of Lancaster.] [4]

Verdict and judgment for plaintiff for $3,910. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them; (5–12) portions of opinion refusing new trial; (9) that the verdict was excessive.

*Edwin M. Gilbert*, for appellant:—We think the true meas-

ure of damages as applicable to this case is laid down in Lentz v. Carnegie, 145 Pa. 612; Harvey v. Susquehanna Coal Co., 201 Pa. 63; Hoffman v. Mill Creek Coal Co., 16 Pa. Superior Ct. 631; Glasgow v. Altoona, 27 Pa. Superior Ct. 55.

*William R. Brinton*, with him *C. Reese Eaby*, for appellee.— The measure of damages laid down by the court was correct: Blizzard v. Danville Borough, 175 Pa. 479; Good v. Altoona, 162 Pa. 493; Weir v. Plymouth Borough, 148 Pa. 566.

OPINION BY MR. JUSTICE BROWN, June 22, 1905:

The contents of three sewers in the city of Lancaster are discharged into a stream of water flowing through the property of plaintiff, situated in the southeastern portion of the city. The first was built in 1892, the second in 1896, the third in 1900, and each in accordance with an ordinance directing its construction. More than 200 houses are connected with these sewers, the city receiving $25.00, for each connection. Through them the waste water, filth and discharges from water-closets in a large and growing section of the city are carried into the stream; and for its pollution, causing damage to her land, the plaintiff has brought this suit. From the testimony, it is clear that the city has made the stream an open part of its present sewer system, and the case was properly tried on that theory.

One of the complaints of the appellant in the argument in support of this appeal is that the court submitted the case to the jury as if it were one of permanent injury. The instructions were that the measure of damages was " the difference between the market value of the property before the injury was committed and its market value after the injury was committed." This has not been assigned as error, and it ought not to be, for the case was tried by the city, as well as by the plaintiff, as one of permanent injury to her property, if it was injured by the city in adopting the stream as a part of its sewer system. For the purpose of enabling the jury to determine what damages should be awarded, witnesses called by the plaintiff were asked and allowed to answer, without objection by counsel for the city, what, in their judgment, was the difference in the value of the property before and after

the pollution of the stream by the discharge of the contents of the sewers into it; and so the city, in its defense, asked the same question. The first point submitted by the plaintiff was : " The measure of damages in this case is the depreciation in the fair market value of Mrs. Sarah B. Carpenter's property, caused by the draining of the sewers of the city of Lancaster into the run which flows over her premises a short distance below where said sewers enter the stream; provided the jury find that this constitutes a permanent injury to her property." This was affirmed, and the court's affirmance of the point is not assigned as error. In affirming it, Good v. Altoona, 162 Pa. 493, was followed, in which we approved instructions to the jury that, if the injury resulting from the pollution of a stream by the municipality's sewer system was permanent, the landowner was to be compensated for the diminished value of his land. The city's adoption of the stream as a part of its sewer system was prima facie a permanent adoption, and, if so, the injuries resulting therefrom were prima facie permanent. The burden was upon the city to show the contrary. It did not do so, but, on the trial, manifestly regarded the measure of damages, if any were sustained by the plaintiff, as being for permanent injury to her property. After a trial judge has submitted a question to a jury from the standpoint from which both parties to the issue manifestly have tried it, it is hardly consistent with good faith to the court that the one against whom the verdict is rendered should question the correctness of the submission. If it is ever to be questioned, it ought to be only in cases where manifest injustice results from it. Such is not the situation here.

It is contended by the appellant that at the time the city of Lancaster built its three sewers it did not have the right to appropriate private property as part of its sewer system. On the trial the court was of opinion that it had this right, and so charged the jury. This is regarded by counsel for the city as very serious error. If the city had possessed such right at the time it connected its covered sewers with the stream, and had injured the property of the plaintiff in the exercise of that right, the measure of any damages sustained by her would have been just the one fixed on the present trial. For permanent

injuries sustained by her she is to receive the difference in the value of her property before and after the commission of the injury, whether caused in the exercise of the right of eminent domain or by a pure trespass : Thompson v. Citizens' Traction Co., 181 Pa. 131. Earnestly as this alleged error has been pressed upon our attention, we need say no more in dismissing the assignment relating to it.

The carelessness and negligence of the city are not involved in this issue. The action was instituted because the city is using the stream as a sewer, and damages are not claimed for the careless or negligent use of it, but for injuries resulting from the mere use of it. This was the correct view of the trial judge in holding that, without regard to carelessness or negligence, the city was liable for such damages as were caused by its pollution of the stream, limiting its liability to what had resulted from its act. This appeared from the answer to defendant's first, third and sixth points, and in the general charge it could not have been made plainer to the jury that the plaintiff could recover from the city only for such injuries as it had caused, when they were told, " The plaintiff is only entitled, as I have said, to such damages as have reasonably been done by the act of the city."

By the fifth, tenth and twelfth assignments attention is called to what counsel for appellant regards as erroneous views of the law in the opinion of the court discharging the rule for a new trial. These are novel assignments. With whatever views may appear in the opinion of the court we have nothing to do on this appeal. Views entertained below, to be considered and corrected here, if erroneous, are such as are expressed before the verdict is rendered, and not afterwards in passing upon reasons why it should be set aside. If the jury were properly directed, judgment on their verdict is not to be disturbed for any views subsequently entertained by the trial judge, even if erroneous. By this we are not to be understood as intimating that such views appear in the opinion in this case refusing a new trial.

This disposes of all the assignments except the ninth, which complains of the excessiveness of the verdict. This question was for the court below, and there is no reason why we should interfere with its disposition of it.

The case having been tried as one for permanent injuries, the statement of the plaintiff may be regarded as amended accordingly, and the judgment will be a bar to any future action against the city of Lancaster by the plaintiff, or her successors in title, for the pollution of the stream: Thompson v. Citizens' Traction Co., supra.

Judgment affirmed.