## Miller v. The Hanover & McSherrytown Water Company, Appellant.

*Waters—Injury to riparian rights—Permanent injury—Trespass—Measure of damages.*

1. The diversion of a stream without paying or securing compensation to a lower riparian owner is a trespass, and where the injury is of a permanent character there may be a recovery in an action of trespass on that basis, and the depreciation in value of the land injured is the proper measure of damages.

2. A case permitting a recovery for the depreciation of the value of a farm is made out where the defendant, an upper riparian owner, had constructed a dam and water plant structures on its own land and had diverted a third of the usual flow of a stream from its natural channel, thereby limiting plaintiff's use of the water for motive power.

Argued March 3, 1913. Appeal, No. 350, Jan. T., 1912, by defendant, from judgment of C. P. Adams Co., Nov. T., 1911, No. 3, on verdict for plaintiff in case of Levi M. Miller v. The Hanover and McSherrytown Water Company. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for injury to plaintiff's farm caused by interference with riparian rights. Before SADLER, P. J., specially presiding.

The opinion of the Supreme Court states the case.
Verdict and judgment for plaintiff for $1,900. Defendant appealed.

*Errors assigned* were to rulings on evidence.

*Ehrehart & Bange,* with them *Charles S. Duncan,* for appellant.—There is no evidence that the injuries complained of are, or are reasonably certain to become, permanent: Wagner v. Purity Water Co., 50 Pa. Superior Ct. 500; Mengell v. Mohnsville Water Co., 224 Pa. 120; Thompson v. Traction Co., 181 Pa. 131.

A permanent injury will not be presumed, and plaintiff could only recover damages on that theory on proof that his property was permanently injured or that the condition complained of is reasonably certain to be permanent: Standard Plate Glass Co. v. Water Co., 5 Pa. Superior Ct. 563; Hoober v. New Holland Water Co., 43 Pa. Superior Ct. 262; Irving v. Media Borough, 10 Pa. Superior Ct. 132, affirmed in 194 Pa. 648.

The theory of a permanent injury adopted by the lower court is not in harmony with the authorities which hold that such injuries are to be regarded as temporary, and the measure of damages is the cost of restoring the damaged property to its former condition, with the right in the plaintiff to bring successive actions as long as the trespass is continued: Irving v. Media Borough, 10 Pa. Superior Ct. 132, affirmed in 194 Pa. 648; Hogg v. Connellsville Water Co., 168 Pa. 456; Lord v. Meadville Water Co., 135 Pa. 122; Bare v. Hoffman, 79 Pa. 71; Penna. R. R. Co. v. Miller, 112 Pa. 34; Lentz v. Carnegie, 145 Pa. 612; Hoober v. New Holland Water Co., 43 Pa. Superior Ct. 262; Standard Plate Glass Co. v. Water Co., 5 Pa. Superior Ct. 563; Wagner v. Purity Water Co., 50 Pa. Superior Ct. 500.

*John D. Keith,* with him *George J. Benner,* for appellee.—That a water company, although invested with

the power of eminent domain, is a mere trespasser and may be proceeded against as such if it diverts water from a stream without payment or securing compensation to those who are thus deprived of the use of the water has been firmly established by the decision in Lord v. Water Company, 135 Pa. 122 (1890) ; Woodward v. Webb, 65 Pa. 254; Davis v. Southwest Penna. Pipe Lines, 34 Pa. Superior Ct. 438; Davis v. Southwest Penna. Pipe Lines, 223 Pa. 56.

OPINION BY MR. CHIEF JUSTICE FELL, April 21, 1913:

One of the uses made by the plaintiff of the water of a stream that flowed through his farm was for motive power to pump water from a well to his buildings. The defendant, an upper riparian owner, constructed a dam and water plant structures on its own land and diverted a third of the usual flow of the stream from its natural channel. The plaintiff brought an action of trespass and at the trial testimony was admitted to show the difference in value of the farm before and after the water was diverted, thus allowing a recovery for permanent injury. The only question presented by this appeal is whether the ruling as to the measure of damages was proper.

The diverting of a stream without paying or securing compensation to a lower riparian owner is a trespass, Lord v. Meadville Water Co., 135 Pa. 122, and where the injury is of a permanent character, there may be a recovery on that basis and the depreciation in value of the land injured is a proper measure of damages : Seely v. Alden, 61 Pa. 302; Woodward v. Webb, 65 Pa. 254; Davis v. Southwest Penna. Pipe Lines, 223 Pa. 56. That the injury in this case to the plaintiff's farm was of such a character as to justify the assessment of damages on the basis of permanency is clear. The defendant constructed a cement dam across the stream in which it accumulated water and conducted it to a sedimentation basin from which it was pumped into mains for distribu-

tion and consumption. Its works were substantial and complete, and presumably necessary for its operation and the reasonable supposition is that the conditions which caused injury to the plaintiff's land would continue indefinitely.

The judgment is affirmed.