# Wagner *v.* Purity Water Company, Appellant.

*Waters—Water companies—Eminent domain—Diversion of stream—Permanent injury—Trespass—Measure of damages.*

1. The mere incorporation of a company possessing the power of eminent domain does not ipso facto give to it the right to enter upon and take the land or property of an individual owner, without proceedings to condemn the same in a manner provided by statute. In this respect water companies possess no higher powers than railroad companies or other public service corporations. When a water company, or any other public service corporation, is invested with the power of eminent domain, it must exercise that power in the manner provided by statute, or sanctioned by law,

before entering upon and taking the lands or property of an individual owner.

2. An action of trespass will lie to recover damages for injuries sustained by a riparian owner, in consequence of the unlawful diversion of the waters of a stream by an upper riparian owner. If the original taking was a lawful appropriation of the water, under the power of eminent domain, the action would have to be under the statute, and trespass would not lie. But until there has been an original lawful taking, or until damages have been recovered on the basis of a permanent unlawful taking, the diversion of the water may be treated as a continuing trespass, for which damages may be recovered in an action at law.

3. In an action of trespass to recover damages for diversion of the waters of a stream by a water company, it appeared that the company without any corporate action, or proceedings to condemn the waters of the stream, under its right of eminent domain, had constructed a dam across the stream, and had diverted some of the water from its natural course to a reservoir, as a supply for consumers. No damages, permanent or otherwise, had been recovered for the injury, but the taking, which was of a permanent character, occurred before plaintiff acquired title to the mill property which he alleged was injured by the diversion of the water. *Held,* plaintiff was entitled to recover. The right of action passed to him with the property which he had acquired.

4. In such case the measure of damages is the difference in value of the property, alleged to be injured, before and after the taking. It is error for the court to instruct the jury that they may award special damages for injury to the property, without reference to the rule above mentioned as the measure of compensation.

Argued May 12, 1913.   Appeal, No. 319, Jan. T., 1912, by defendant, from judgment of the Superior Ct., March T., 1912, No. 32, affirming judgment of C. P. Snyder Co., Dec. T., 1910, No. 13, on verdict for plaintiff in case of Charles A. Wagner v. The Purity Water Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Reversed.

Appeal from Superior Court.

The facts appear in the opinion of the Supreme Court and in 50 Pa. Superior Ct. 500.

Plaintiff recovered a verdict in the lower court for $227.08, upon which judgment was entered, which judgment was affirmed by the Superior Court in an opinion by HENDERSON, J.  Defendant appealed.

*Error assigned* was in affirming the judgment.

*Andrew A. Leiser* and *Jay G. Weiser,* for appellant. The remedy was by view and not in trespass: Koch v. Williamsport Water Co., 65 Pa. 288; Bowers v. Citizens' Water Co., 162 Pa. 9; Lewisburg Bridge Co. v. Union & Northumberland Counties, 232 Pa. 255.

Plaintiff had no right of action having bought the mill after and subject to the appropriation of water by the defendant: McFadden v. Johnson, 72 Pa. 335; Losch's App., 109 Pa. 72; Davis v. Ry. Co., 114 Pa. 308; Nittany Val. R. R. Co. v. Steel & Iron Co., 218 Pa. 224; James v. West Chester Boro., 220 Pa. 490.

Measure of damages was difference in value of mill before and after the appropriation of water: Carpenter v. Lancaster, 212 Pa. 581; Hankey v. Philadelphia Co., 5 Pa. Superior Ct. 148; Mengell v. Mohnsville Water Co., 224 Pa. 120; Linton v. Armstrong Water Co., 29 Pa. Superior Ct. 172; Becker v. St. Ry. Co., 30 Pa. Superior Ct. 546; Thompson v. Traction Co., 181 Pa. 131; Rabe v. Shoenberger Coal Co., 213 Pa. 252.

*M. I. Potter* and *C. P. Ulrich,* for appellee.—The defendant never having exercised any of the rights of eminent domain, it was to be treated as a riparian owner and nothing else: Lord v. Water Co., 135 Pa. 122; Ganster v. Met. Electric Co., 214 Pa. 628.

OPINION BY MR. JUSTICE ELKIN, May 28, 1913:

As indicated in several recent cases brought to our attention, there is a misapprehension as to the rights of water companies incorporated for the purpose of supplying water to the public.  The misapprehension is

that under their charter powers such companies have the right to appropriate and divert the waters of a stream without condemnation under the right of eminent domain. This is clearly an erroneous view of the law. It is true that water companies may acquire riparian rights by purchase, but when they do so they acquire only the rights of riparian owners, with the additional right to supply the water so obtained to the public, being answerable in damages to other riparian owners who may be injured by the diversion of the waters of the stream; or, if the water company in the first instance take proper corporate action by a resolution to condemn, it may then acquire by purchase or settlement of damages with the riparian owners, every right which it could have secured by proceeding adversely under the right of eminent domain. The mere incorporation of a company possessing the power of eminent domain does not ipso facto give to such corporation the right to enter upon and take the lands or property of an individual owner without proceeding to condemn in the manner provided by statute. In this respect water companies cannot be regarded as possessing any higher powers than railroad companies or other public service corporations. When a water company, or any other public service corporation, is invested with the right of eminent domain, it must exercise that power in the manner provided by statute, or sanctioned by law, before entering upon and taking the lands or property of an individual owner. No one can be deprived of his property without just compensation no matter what power the legislature may have conferred upon a corporation which asserts the right to take it for a public use. So far as is disclosed by the record in the case at bar appellant water company never took any corporate action nor instituted any proceedings to condemn the waters of the stream in question under the right of eminent domain. This was asserted as a fact at the trial in the court below and is stated in

the opinion of the Superior Court. We, therefore, must assume in considering the questions before us for decision that appellant did not exercise the right of eminent domain when it undertook to appropriate the waters of the stream about which complaint is made in this action. It did construct a small dam across the stream which flowed into a pond of appellee and diverted some of the water from its natural course to a reservoir as a supply for consumers. It is suggested in the argument of the learned counsel for appellant that this was an appropriation of the waters of the stream for the corporate uses of the water company, but the record does not disclose how the appropriation was made nor the authority under which the right is asserted. But it is clear that the water company has diverted some of the water of the stream from its natural channel and is storing it in its reservoir for the purpose of supplying it to the public. The verdict of the jury must be taken to mean that the appellee was injured by what appellant did in diverting the water from its natural course. If there were no other questions in the case it would be necessary to say that the verdict of the jury was an answer to the contentions of appellant. But there are some other interesting questions in the case which require consideration and discussion here. Counsel for appellant very earnestly and ably contend that an action of trespass cannot be maintained under the facts of this case. It is urged that the remedy for securing compensation in the nature of damages for any injuries that resulted to appellee by appropriating the water of the stream was by view and not by an action of trespass. This view would be sound if the water company had appropriated the water under a proceeding to condemn. In such a case the statutory remedy is by view and under the authority of the cases relied on by appellant it would be necessary to follow this remedy in the assessment of damages. This was decided in the recent case of Lewisburg Bridge Co. v.

Union and Northumberland Counties, 232 Pa. 255. That case was expressly so ruled on the ground that the Acts of 1897 and 1901, under the authority of which the bridge was built, provided a special remedy for determining the compensation to be paid the owners of a former bridge for the taking or impairment of their franchises, or the taking of piers, approaches, toll houses and other property. The bridge having been built under these special acts, and a specific remedy having been therein provided for the assessment of damages, it was very properly held that this remedy must be pursued. The situation is very different in the case at bar. Here there was no proceeding to condemn and the right to take under the power of eminent domain was never asserted. So far as we are advised the water company constructed its dam across the stream and diverted the water without asking leave of any one and without doing anything to acquire the water rights by purchase or otherwise. Under these circumstances a riparian owner can maintain trespass for the wrongful appropriation of water by a water company: Lord v. Water Company, 135 Pa. 122.

It is further urged that the appropriation of the water of the stream about which complaint is here made was of a permanent nature; that this permanent taking occurred before plaintiff acquired title to the mill property which it is alleged was injured by diverting the water from its natural channel; and that any damages resulting therefrom were a personal claim of the owner when the injury occurred and do not run with the land nor pass by deed unless it is expressly so provided. This argument has much force and it must be conceded that it is difficult to reconcile our own cases in which different phases of this question have been considered. If there had been a lawful appropriation in the first instance this rule would certainly apply and all of our cases so hold. It is likewise true that the rule has been held to apply in many cases in which the

original taking was unlawful but permanent and continuous. But these cases depended upon their peculiar facts and it cannot be fairly said that any rule of general application is deducible from them. In such cases much depends upon the nature of the property taken, the character of the use made of it, the acquiescence or understanding of the parties at the time of the appropriation, and the knowledge or intention of the land owner when the injury occurred. There is no doubt, even in those cases in which the original taking was unlawful, that the land owner may recover damages on the basis of a permanent injury, and when he has so recovered no subsequent claim for damages can be asserted by himself or his successors in title. As applied to the case at bar, the safer and sounder rule would seem to be that until there has been an original lawful taking, or until damages have been recovered on the basis of a permanent unlawful taking, the diversion of the water may be treated as a continuing trespass for which damages may be recovered in an action at law. Under the facts here presented the original appropriation must be regarded as an unlawful taking and since no damages, permanent or otherwise, have been recovered, we think appellee has standing to assert a claim for the same in an action of trespass. If this be true it necessarily follows that he can claim for permanent injuries and if he recover upon this basis he and his successors in title will be concluded from asserting any further claims for damages.

It is further contended that the learned court below erred in instructing the jury as to the proper measure of damages. The plaintiff was permitted to recover for special damages to his mill property without reference to the rule which makes the difference in value before and after the injury was committed the measure of his compensation. Clearly this was error if there was a permanent injury, and as we view the record this was not seriously disputed. In such cases the presumption

of law is that such an appropriation as appellant made was a permanent one, and the burden was on the plaintiff to show the contrary: Carpenter v. Lancaster, 212 Pa. 581. As to the measure of damages the rule is the same whether the original entry or appropriation was lawful or unlawful: McFadden v. Johnson, 72 Pa. 335. In the very recent case of Miller v. Hanover & McSherrytown Water Company, 240 Pa. 393, it was held that the diverting of a stream without paying or securing compensation to a lower riparian owner is a trespass, and where the injury is permanent there may be a recovery on that basis and the depreciation in value of the land injured is the proper measure of damages. This is the last utterance of our court on this question and it rules the present case as to the proper measure of damages if the injury was of a permanent character. If there is a dispute as to the permanent character of the injury this becomes a question for the jury under the pleadings and evidence: Good v. Altoona, 162 Pa. 493. We concur in the views expressed by the learned judge who wrote the opinion of the Superior Court as to the main question discussed by him, but find it necessary to reverse the judgment for the reasons hereinbefore stated. We do not think it necessary to discuss separately each of the several assignments of error but have indicated the general principles of law which should control in the trial of the case as a guide to all concerned.

Judgment reversed and a venire facias de novo awarded.