# Spencer v. Carlisle Borough, Appellant.

*Sewers—Boroughs—Alley—Damages.*

In an action against a borough to recover damages to land re-
sulting from the laying of a sewer in a portion of an alley owned by
the plaintiff in fee, the measure of damages is the difference be-
tween the value of the property before and after the injury.

In such a case where the defendant secured a release from the ·
persons having the right of way over the alley, but constructed the
sewer without filing a bond, and the plaintiff testifies from an "in-
ward conviction" that the property was injured to the extent of
five hundred dollars, and another witness for plaintiff testified
that a portion of the land was injured to that amount, but that the
whole property would bring as much afterwards as before the in-
jury, it is reversible error for the court to leave to the jury the
questions of compensatory damages and of punitive damages.

*Deeds—Boundary—Street.*

In a conveyance designating a street as a boundary, it is always
open to proof to show that the street was unopened and unused, and
therefore the grantor's right was limited to the edge of a side of
the street. If there arises any question as to the facts as to whether
the street was open or not at the time of the conveyance, the matter
must be left to the jury.

Argued May 13, 1916.  Appeal, No. 16, March T., 1916,
by defendant, from judgment of C. P. Cumberland Co.,

Sept. T., 1914, No. 248, on verdict for plaintiff in case of Margaret Spencer v. Carlisle Borough.  Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Trespass to recover damages for injuries to an alley. Before SADLER, P. J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $200.  Defendant appealed.

*Error assigned,* amongst others, was in submitting the case to the jury.

*E. M. Biddle, Jr.,* for appellant.—Plaintiff showed only nominal damages: Hankey v. Philadelphia Co., 5 Pa. Superior Ct. 148;  Hare v. Ry. Co., 10 Pa. Superior Ct. 647;  Thompson v. Citizens Traction Co., 181 Pa. 131;  Rider v. York Haven Water & Power Co., 251 Pa. 18;  Pittsburgh, Etc., Ry. Co. v. Vance, 115 Pa. 325; Hewitt v. R. R. Co., 19 Pa. Superior Ct. 304;  Shimer Easton v. Ry. Co., 205 Pa. 648;  Schuylkill River, Etc., R. R. Co. v. Stocker, 128 Pa. 233;  Gorgas v. P. H. & P. R. R. Co., 215 Pa. 501;  Jones v. Erie, Etc., R. R. Co., 151 Pa. 30;  Willock v. Beaver Val. R. R. Co., 222 Pa. 590.

Exemplary damages were not allowable:  Rider v. Power Co., 251 Pa. 26;  Keil v. Chartiers, Etc., Gas Co., 131 Pa. 466;  Rider v. Power Co., 251 Pa. 22;  Hankey v. Philadelphia Co., 5 Pa. Superior Ct. 153;  Hare v. Ry. Co., 10 Superior Ct. 647;  Thompson v. Traction Co., 181 Pa. 131.

*J. W. Wetzel,* for appellee.

OPINION BY TREXLER, J., July 18, 1916:

The plaintiff claimed the fee in the land to the centre line of a private alley through which the Borough of Carlisle, without filing a bond, laid a sewer, the sewer being

on her portion of the alley.  She brought this action of trespass to recover damages.  The damages, if any, are permanent.  The test of the amount of her injury is the difference between the value of her property before and after the injury.  The depreciation of the value of the land is the proper measure of damages: Wagner v. Purity Water Co., 241 Pa. 328 (334) ; Rider v. York Haven W. & P. Co., 251 Pa. 18.  There were two witnesses who testified as to the amount of her damages.  The plaintiff herself stated that she fixed her damages at $500.00 but admitted the only basis for her judgment was "an inward conviction that the property was damaged and that was practically all she had to support her estimate."  The other witness testified to the same amount but had the wrong basis for his conclusion.  He limited the damages to the corner property forming part of plaintiff's land, but stated that the whole property would bring as much now as before the injury.  He had no right to put his estimate on a selected portion: Real Estate Invest Co.'s Assigned Est., 215 Pa. 50.  His estimate on the whole property before the injury was $4,000.00 to $5,000.00 and after the injury he said it would bring more than that amount.  No wonder that with such testimony the court expressed a doubt as to its value and stated, "The testimony of these two witnesses taken as a whole was not entitled to much weight in fixing the amount of the alleged depreciation, indeed if it showed satisfactorily any to have been suffered."  There was no evidence in the case to sustain a verdict in favor of the plaintiff, except for nominal damages.  There were no facts in the case to which the jury could apply the rule laid down by the court "that the damages were the difference in value of the property prior to the installation of the sewer and what it would bring in the market at the present time."

The court affirmed the point submitted by the plaintiff that "If the jury find that the defendant installed said sewer line wilfully, without consent, and without proper inquiry, the damages may be exemplary or punitive."

When torts are committed wilfully, maliciously or so negligently as to indicate a wanton disregard for the rights of others, punitive damages may be awarded: Pittsburgh, Etc., Ry. Co. v. Lyon, 123 Pa. 140. Such damages are allowed upon the theory that the offender has wilfully, maliciously or wantonly disregarded the rights of the complaining party. Such conduct will not be presumed and there must be evidence from which such inference may be reasonably drawn: Rider v. York Haven W. & P. Co., 251 Pa. 18. There were no facts in this case showing that the action on the part of the borough was such as called for punitive damages. The borough secured a release from the person having a right of way over the alley. Evidently the officers of the borough thought it sufficient to deal with the party whom they assumed had possession of the property. There is certainly an entire absence of any high handed proceeding in the matter and no fact is disclosed from which an inference of malice might be drawn. If generally, as stated above, there is no presumption of such conduct this rule must, with greater force, apply to the officers of the borough who are charged with the management of public affairs and whose actions are intended for the good of the community. We think both as to the questions of compensatory damages and punitive damages, the court was wrong in submitting the question to the jury.

The plaintiff claims title to the centre of the alley as an abutter. The deed to her ancestor calls for the alley as one of the boundaries of the property. The appellant contends that the call of the deed determined the boundary of her estate and that she had no title to the fee in the alley. The court decided that "the alley is an open one." As this case goes back for retrial, we call attention to the fact that in a conveyance designating a street as a boundary, it is always open to proof to show that the street was unopened and unused and therefore the grantor's right was limited to the edge of the side of the

street.  The conditions on the ground at the time of the conveyance must be considered in order to ascertain the real 'intention of the grantor.  If there arises· any question as to the facts as to whether the alley was open or not at the time of the conveyance, the matter must be left to the jury: Opinion of KEPHART, J., in Rhoads v. Walter, 61 Pa. Superior Ct. 43.  See Fitzell v. Philadelphia, 211 Pa. 1.

The judgment is reversed and a venire facias de novo awarded.