# Rider *v.* York Haven Water & Power Company, Appellant.

*Trespass—Waters—Diversion—Evidence — Opinion evidence — Non-expert testimony—Damages — Delay in payment — Punitive damages.*

1. Where farm land has been injured by the construction of a dam across. a stream flowing past a farm so that the waters of the stream were diverted, the measure of the damage is the difference in the market value of the farm before and after the construction of the dam.

2. In such case witnesses who were residents of the locality and familiar with the farm and other real estate, and who had some knowledge of the selling price and value of land in the neighborhood, were properly permitted to express their opinions as to the amount of the damages.

3. In such case evidence of the alleged loss of moisture to plaintiff's land which had been accustomed to rise from the water and fall in the form of dew upon the adjoining fields thereby increasing their fertility, was properly submitted to the jury.

4. Where in such case plaintiff refused $600 offered by defendant for his damages, and in an action therefor recovered $4,280 it was not error to permit recovery of damages for delay.

5. Where in such case defendant maintained the dam across the stream without claim or semblance of authority, and in a suit in equity brought by plaintiff to compel the removal of the dam defendant disclaimed any intention of appropriating the water by right of eminent domain and neglected to remove such dam for several months after the Supreme Court affirmed a decree ordering its removal, there was such a careless and reckless disregard of plaintiff's rights as to warrant the submission of the question of punitive damages to the jury, and in such case an award of $500 as punitive damages was not excessive.

Argued May 23, 1916.    Appeal, No. 10, May T., 1916, by defendant, from judgment of C. P. Dauphin Co., Jan. T., 1913, No. 80, on verdict for plaintiff, in case of John B. Rider v. York Haven Water and Power Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Trespass to recover damages for the diversion of water from a river.    Before McCARRELL, J.

The facts appear in the opinion of the Supreme Court and in Rider v. York Haven Water & Power Co., 251 Pa. 18.

Verdict for plaintiff for $4,280 for injury sustained by the trespass; $1,712 for delay and $500 punitive damages.    Defendant appealed.

*Errors assigned* were rulings on evidence, instructions to the jury and in permitting recovery of punitive damages.

*Reynolds D. Brown,* with him *Charles L. Bailey, Jr.,* and *Malcolm Floyd, Jr.,* for appellant.

*John R. Geyer,* with him *John E. Fox,* for appellee.

OPINION BY MR. JUSTICE WALLING, October 2, 1916:

This is an action by a riparian owner for damages on account of the diversion of water from its natural channel.    At the place in question, the Susquehanna River flows in a southerly direction and for a distance of about three miles is divided by an island, called Duffy's Island, into two channels known as the east and west channel. The east channel is about one thousand feet wide, and the island and the west channel are each about one-half mile in width.

Plaintiff's farm, containing 107 acres, is located on the east side of the east channel and has a river frontage of about one-half mile.

Defendant is a duly chartered water and power company and has its plant located in said river below Duffy's Island and owns the island.

In 1908 defendant, to increase the flow of water in the west channel of the river and through its plant, constructed a dam extending from the north end of said island in a northeasterly direction to the east bank of the river by reason of which the water practically ceased to flow in said eastern channel during dry summer seasons; at which times the river bed in front of plaintiff's premises presented an unsightly view of rocks, mud and pools of stagnant water, accompanied according to some evidence by foul odors.

Plaintiff in 1909 filed a bill in equity in the court below against the defendant to compel a removal of said dam, and a final decree to that effect was entered by said court in February, 1912, which was affirmed by this court June 27, 1913. See Rider v. York Haven Water & Power Co., 242 Pa. 141.

After the entry of said final decree in the court below, to wit, in September, 1912, plaintiff brought this action for damages on account of the diversion of said water; and at the former trial recovered a verdict, which was set aside by this court in Rider v. York Haven Water & Power Co., 251 Pa. 18, on the ground inter alia that the punitive damages awarded were excessive. It is there held that the damages should be assessed as for a permanent injury, especially so in the event of defendant's possessing the power of eminent domain. See also Wagner v. Purity Water Co., 241 Pa. 328. Before the present trial of this case it was determined that defendant possessed such right and it filed a bond to protect plaintiff and began proceedings to acquire the water in controversy thereunder.

The trial was conducted on the correct theory that plaintiff's actual damage was the difference in the market value of his farm before and after the construction of said dam, which the jury found to be $4,280.00, and

added thereto $1,712.00 for delay, and $500.00 as punitive damages, making the total verdict $6,492.00.

Complaint is made at the ruling of the court below in permitting certain of plaintiff's witnesses to express opinions as to the amount of damages. However, such witnesses were all residents of the locality, familiar with plaintiff's farm and other real estate, with some knowledge of the selling price and value of land in the neighborhood. We believe the court committed no reversible error is permitting them to express opinions, the value of which was of course for the jury.

An element of damage referred to by some of said witnesses was the alleged loss of moisture to plaintiff's land, which had been accustomed to rise from the water and fall in the form of dew upon the adjoining fields, thus increasing their fertility. While there may be doubt as to that, the evidence was such as to warrant its submission to the jury.

The damage to plaintiff's premises resulted when the water was diverted by the construction of the dam in 1908, and he was prima facie entitled to compensation for the delay: Hoffman v. Philadelphia, 250 Pa. 1. And the whole record would not justify a finding that he had forfeited his right thereto by any stubborn or wilful misconduct on his part. In view of the verdict he was certainly not culpable in declining to accept the tender of $600.00.

The conduct of defendant, including constructing and maintaining the dam across the river without claim or semblance of authority, the disclaiming in the equity suit any intention of appropriating the water by right of eminent domain and the neglect to remove such dam for several months after this court had affirmed the decree ordering its removal, tended to show a careless and reckless disregard of plaintiff's rights and made the question of punitive damages one proper for the consideration of the jury, and the amount allowed as such was not out of proportion to the actual damages.

We see nothing in the remarks of counsel to justify setting aside the verdict.  He merely called the jury's attention to the amount of damages which the evidence for plaintiff indicated he was entitled to recover, which is entirely different from informing the jury of the amount claimed in the statement.

The assignments of error are overruled and the judgment is affirmed.